UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HEMANTHKUMAR KAMALANATHAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 4:17-cv-00322 |
| METROPOLITAN LLOYDS INSURANCE | § | |
| COMPANY OF TEXAS AND | § | |
| CHRISTOPHER BUCHANAN | § | **(JURY)** |
| | § | |
| Defendants. | § | |

**DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY
OF TEXAS' NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") files this Notice of Removal of Cause Number 17-3010-393, styled *Hemanthkumar Kamalanathan v. Metropolitan Lloyds Insurance Company of Texas and Christopher Buchanan,* currently pending in the 393rd District Court, Denton County, Texas. Metropolitan removes the case to the U.S. District Court for the Eastern District of Texas, Sherman Division. As grounds for removal, Metropolitan states as follows:

**I.
OVERVIEW**

1.1    This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Metropolitan to Plaintiff Hemanthkumar Kamalanathan, for alleged damage to the house and other property owned by Plaintiff and located at 4508 Delaina Dr., Flower Mound, TX 75022, allegedly caused by wind and hail, which occurred on March 23, 2016. (*See* Plaintiff's Original Petition). Plaintiff commenced this action, styled *Hemanthkumar*

*Kamalanathan v. Metropolitan Lloyds Insurance Company of Texas and Christopher Buchanan,* against Metropolitan by filing Plaintiff's Original Petition on April 11, 2017 under Cause Number 17-3010-393 in the 393rd District Court, Denton County, Texas.  According to the Plaintiff's Original Petition in that suit, the Plaintiff seeks to recover damages from the Defendants over $100,000.00 but not more than $200,000.00, but states the damages could be $200,000.00 but not more than $1,000,000.00. Metropolitan was served the Plaintiff's Original Petition in that suit on April 17, 2017.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  A true and correct copy of all process, pleadings, and the orders served upon Metropolitan in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1    The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiff is now, and was at the time the lawsuit was filed, a resident of the State of Texas. (*See* Plaintiff's Original Petition).  Defendant Metropolitan is now, and was at the time the action was commenced, an unincorporated association of underwriters whose individual underwriters are citizens of the States of Florida, Illinois, Rhode Island, and Wisconsin, and are not residents or citizens of Texas.  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Metropolitan] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment

of unincorporated associations for jurisdictional purposes).[1] Accordingly, Metropolitan is a citizen of the States of Florida, Illinois, Rhode Island, and Wisconsin, and complete diversity exists.

An additional defendant in the case is Christopher Buchanan, who is a citizen of the State of Texas. Christopher Buchanan's citizenship, however, should not be taken into consideration for purposes of determining diversity as he has been improperly joined in this action. There being complete diversity between the Plaintiff and Defendant Metropolitan, this case is properly removed to the U.S. District Court for the Eastern District of Texas, Sherman Division.

2.2 The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were properly joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In this case the Plaintiff is unable to establish a cause of action against Defendant Christopher Buchanan, thereby rendering his joinder improper.

2.3 The Plaintiff's allegations against Defendant Christopher Buchanan are generic and formulaic claims under the Texas Insurance Code and the Texas Deceptive Trade Practices Act, and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct.

---

1 "Fifth Circuit jurisprudence is equally clear." *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

1937, 1945, 173 L.Ed.2d 868 (2009).  The allegations against Defendant Christopher Buchanan in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a plausible entitlement to relief to support the joinder of Defendant Christopher Buchanan.  As such, the allegations against Defendant Christopher Buchanan exemplify the badge of improper joinder.

2.4    Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court.  This is yet another example of one such case.  The essence of this lawsuit is the Plaintiff's right of recovery under the insurance contract.  Under such circumstances, Defendant Christopher Buchanan has been improperly joined.  Because Defendant Christopher Buchanan has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

### III.
### REMOVAL PROPER

3.1    Disregarding the citizenship of Defendant Christopher Buchanan, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2    Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3    Defendant Metropolitan, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

Metropolitan will promptly file a copy of this Notice of Removal with the clerk of the 393rd District Court, Denton County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1     In conjunction with filing this Notice of Removal, Defendant Metropolitan files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 393rd District Court, Denton County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Metropolitan Lloyds Insurance Company of Texas, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 17-3010-393, styled, *Hemanthkumar Kamalanathan v. Metropolitan Lloyds Insurance Company and Christopher Buchanan,* from the 393rd District Court, Denton County, Texas to this Court on the 12th day of May, 2017, for trial and determination.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

_/s/ Dennis D. Conder_
By:    Dennis D. Conder
        State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

**ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS**

## CERTIFICATE OF SERVICE

On May 12, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically and by facsimile, or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                                  */s/ - Dennis D. Conder*
                                                  Dennis D. Conder

PAN/PLDG/585510.1/001466.17985