Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back        Location : All District Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 17-3010-393

| | |
|---|---|
| Hemanthkumar Kamalanathan VS Metropolitan Lloyds Insurance Company of Texas and Christopher Buchanan | §<br>§<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| Case Type: | Debt/Contract: Consumer/DTPA |
| Date Filed: | 04/11/2017 |
| Location: | 393rd Judicial District Court |
| Judicial Officer: | Robison, Douglas |
| File Custody/Location: | District Clerk's Office |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| | | **Lead Attorneys** |
| Defendant | Buchanan, Christopher | Dennis D. Conder<br>*Retained*<br>901 Main ST<br>STE 6220<br>Dallas, TX 75202<br><br>214-748-5000(W)<br>214-748-1421(F) |
| Defendant | Metropolitan Lloyds Insurance Company of Texas | Dennis D. Conder<br>*Retained*<br>901 Main ST<br>STE 6220<br>Dallas, TX 75202<br><br>214-748-5000(W)<br>214-748-1421(F) |
| Plaintiff | Kamalanathan, Hemanthkumar | James Willis<br>*Retained*<br>2211 Norfolk Street<br>STE 800<br>Houston, TX 77098<br><br>713-655-1405(W)<br>713-655-1587(F) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 04/11/2017 | Plaintiff's Original Petition |
| 04/11/2017 | Case Information Sheet |
| 04/12/2017 | Request for Issuance of<br>*Citations by Certified Mail* |
| 04/13/2017 | Citation By Certified Mail<br>*mailbox* |

|  |  |  |
|---|---|---|
| | Metropolitan Lloyds Insurance Company of Texas | Unserved |
| | Buchanan, Christopher | Unserved |

| | |
|---|---|
| 04/26/2017 | Defendant's Original Answer<br>Party: Metropolitan Lloyds Insurance Company of Texas |
| 04/26/2017 | Defendant's Original Answer<br>Party: Buchanan, Christopher |

---

### FINANCIAL INFORMATION

| | |
|---|---|
| **Plaintiff Kamalanathan, Hemanthkumar** | |
| Total Financial Assessment | 408.00 |
| Total Payments and Credits | 408.00 |
| Balance Due as of 05/06/2017 | 0.00 |

| | | | | |
|---|---|---|---|---|
| 04/12/2017 | Transaction Assessment | | | 282.00 |
| 04/12/2017 | TexFile Payment | Receipt # 2017-10506 | Kamalanathan, Hemanthkumar | (282.00) |
| 04/12/2017 | Transaction Assessment | | | 126.00 |
| 04/12/2017 | TexFile Payment | Receipt # 2017-10604 | Kamalanathan, Hemanthkumar | (126.00) |

**EXHIBIT**
A
*tabbies*

FILED: 4/11/2017 5:22:40 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Sherri Adelstein, Deputy

CAUSE NO. 17-3010-393

| | | |
|---|---|---|
| HEMANTHKUMAR | § | IN THE DISTRICT COURT OF |
| KAMALANATHAN | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | DENTON COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND CHRISTOPHER BUCHANAN | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Hemanthkumar Kamalanathan ("Mr. Kamalanathan"), Plaintiff herein, files this Original Petition against Defendants Metropolitan Lloyds Insurance Company of Texas ("Metropolitan") and Christopher Buchanan ("Buchanan") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Hemanthkumar Kamalanathan is a Texas resident who resides in Denton County, Texas.

2.    Metropolitan is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3140.

3.    Christopher Buchanan is a Texas resident who participated in adjusting Mr. Kamalanathan's insurance claim, and he may be served via certified mail at 3410 Lake Creek Trail, Mansfield, TX 76063.

## II.
## DISCOVERY

4.      This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in Denton County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Denton County. In particular, the loss at issue occurred in Denton County.

2

## V.
## FACTUAL BACKGROUND

8.　　Mr. Kamalanathan is a named insured under a property insurance policy issued by Metropolitan.

9.　　On or about March 23, 2016 a storm hit the Flower Mound, Texas area, damaging Mr. Kamalanathan's house and other property. Mr. Kamalanathan subsequently filed a claim on his insurance policy.

10.　　Defendants improperly denied and/or underpaid the claim.

11.　　Buchanan was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.　　Buchanan's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.　　Moreover, Metropolitan and Buchanan performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.　　Each of the foregoing paragraphs is incorporated by reference in the following:

### A.　Breach of Contract (Metropolitan Only)

15.　　Metropolitan had a contract of insurance with Plaintiff. Metropolitan breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

3

## B.    Prompt Payment of Claims Statute (Metropolitan Only)

16.    The failure of Metropolitan to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.    Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

## C.    Bad Faith/DTPA (Metropolitan and Buchanan)

18.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.    Defendants violated § 541.051 of the Texas Insurance Code by:

(1)    making statements misrepresenting the terms and/or benefits of the policy.

20.    Defendants violated § 541.060 by:

(1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

4

21.    Defendants violated § 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

22.    At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.    Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)    Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)    Metropolitan failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)    Metropolitan, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Metropolitan took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that

5

also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

25.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

28.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DISCOVERY REQUESTS

29.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

6

30.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Hemanthkumar Kamalanathan prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Mr. Kamalanathan be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Kamalanathan may show himself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:_____/s/ James Willis_____
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        James Willis
        TBA No. 24088654
        jwillis@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF
HEMANTHKUMAR KAMALANATHAN**

7

**PLAINTIFF'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiff in the above-styled and numbered cause, and requests that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through his/her attorneys of record, Richard D. Daly, Daly & Black, P.C., 2211 Norfolk St, Suite 800, Houston, Texas 77098; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Daly & Black, P.C. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.     You know the response made was incorrect or incomplete when made; or

b.     You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

8

Respectfully submitted,

**DALY & BLACK, P.C.**

By: /s/ James Willis
        Richard D. Daly
        TBA No. 00796429
        rdaly@dalyblack.com
        ecfs@dalyblack.com
        James Willis
        TBA No. 24088654
        jwillis@dalyblack.com
        2211 Norfolk St., Suite 800
        Houston, Texas 77098
        713.655.1405—Telephone
        713.655.1587—Fax

**ATTORNEYS FOR PLAINTIFF**
**HEMANTHKUMAR KAMALANATHAN**

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ James Willis
James Willis

9

FILED: 4/26/2017 2:29:08 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Maribel Villarreal, Deputy

CAUSE NO. 17-3010-393

| | | |
|---|---|---|
| HEMANTHKUMAR KAMALANATHAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DENTON COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND CHRISTOPHER BUCHANAN | § | |
| | § | |
| Defendants. | § | 393rd JUDICIAL DISTRICT |

## DEFENDANT METROPOLITAN LLOYDS INSURANCE COMPANY OF TEXAS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Metropolitan Lloyds Insurance Company of Texas, ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued to the Plaintiff, including but not limited to the following policy provisions:

## COVERAGE A - DWELLING

1.  **Dwelling Owners.** If **your** dwelling is a one, two, three or four family dwelling, **we** cover:
    A.  the dwelling owned by **you** on the **residence premises**; and
    B.  structures, equipment and accessories attached to the dwelling. Swimming pools not fully enclosed within the dwelling are covered under **COVERAGE B - PRIVATE STRUCTURES**.
    * * *

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the world.

* * *

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE A - DWELLING AND COVERAGE B - PRIVATE STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverages A and B, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the property described in Coverage C when loss or damage is caused by **SECTION I**

**- BROAD NAMED PERILS**, except as excluded in **SECTION I - LOSSES WE DO NOT COVER**.

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, **we** do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold**. There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold**. This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES** for **Fungus and Mold Remediation**.

\* \* \*

2.   **Windstorm or Hail**
      **We** do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

\* \* \*

D.   **Water damage**, meaning any loss caused by, resulting from, contributed to or aggravated by:

   1.   flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
   2.   water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
   3.   water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

2.   We do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion I. above and Exclusion 3. Below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss. The items are:

> A.   conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, and that pungent or without fault;

> B.   defective, inadequate, faulty or unsound;
>> 1.   planning, zoning, development, surveying, siting;
>> 2.   design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
>> 3.   materials used in repair, construction, renovation or remodeling; or
>> 4.   maintenance;
>>
>> of any property whether on or off the **residence premises**. Property includes land, structures or improvements of any kind; and

> C.   weather conditions.

However, this exclusions only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.   We do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

> A.   wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the

terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company

of Texas to the Plaintiff. Specifically, the subject insurance policy provides as follows:

## SECTION I – CONDITIONS

2.  **What you Must do After a Loss. We** have no obligations to provide coverage
    under this policy if **you** or **your** representative fail to comply with the following
    duties and the failure to comply is prejudicial to **us**:

    A.   Promptly notify **us** or **our** representative.
         . . .
    B.   Protect the property from further damage, make reasonable and necessary
         repairs required to protect the property and keep a record of necessary
         expenditures.
    C.   Cooperate with us in the investigation of a claim.
         . . .
    E.   At any reasonable time and place **we** designate, and as often as **we**
         reasonably require:

         1.   show **us** the damaged property;
              2.   submit to questions concerning the loss under oath while
              not in the presence of any other person defined as **"you"**, and sign
              and swear to the answers; and
              . . .

Pleading further, Plaintiff failed to promptly repair the subject property and based upon

information and belief, has not performed necessary repairs to the property.

## III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By:    Dennis D. Conder
      State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of April, 2017, a copy
of the foregoing was delivered to Plaintiff's counsel of record in accordance with the Texas
Rules of Civil Procedure.

Dennis D. Conder

PAN/PLDG/584859.1/001466.17985

FILED: 4/26/2017 2:30:10 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Maribel Villarreal, Deputy

CAUSE NO. 17-3010-393

| | | |
|---|---|---|
| HEMANTHKUMAR KAMALANATHAN, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | DENTON COUNTY, TEXAS |
| METROPOLITAN LLOYDS | § | |
| INSURANCE COMPANY OF TEXAS | § | |
| AND CHRISTOPHER BUCHANAN | § | |
| | § | |
| Defendants. | § | 393rd JUDICIAL DISTRICT |

## DEFENDANT CHRISTOPHER BUCHANAN'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Christopher Buchanan ("Defendant"), and files this Original Answer, and in support thereof would respectfully show this Honorable Court the following:

### I. GENERAL DENIAL

Defendant denies all and singular, each and every allegation contained in Plaintiff's Original Petition, and says that the same are not true in whole or in part, and demands strict proof thereof by a preponderance of the evidence.

### II. AFFIRMATIVE DEFENSES

Pleading in the affirmative, pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant alleges the following affirmative defenses:

Defendant asserts that any claims for punitive/exemplary damages are governed and limited by Chapter 41 of the Texas Civil Practice & Remedies Code, including but not limited to, §§ 41.003, 41.004, 41.006, 41.007 and 41.008.

Defendant further asserts that punitive/exemplary damages cannot be sustained because an award of punitive/exemplary damages under Texas law, subject to no predetermined limit

such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive/exemplary damages that may be imposed, would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, would violate Defendant's rights not to be subjected to an excessive fine in violation of the Eighth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of Texas, §§ 3 and 19 of the Texas Constitution. In addition, Defendant asserts that any claims of the Plaintiff for punitive/exemplary damages against Defendant should be proved beyond a reasonable doubt under the Sixth Amendment to the United States Constitution, as opposed to a mere preponderance of the evidence.

Defendant asserts that punitive/exemplary damages are barred by the due process and excessive fines provisions contained within the United States Constitution and Article I, §§ 3 and 19 of the Texas Constitution.

Defendant also asserts that claims for punitive/exemplary damages against Defendant cannot be sustained because an award of punitive/exemplary damages in this case, combined with any prior, contemporaneous, or subsequent judgment against Defendant for punitive/exemplary damages arising out of Defendant's acts or omissions, would constitute impermissible multiple punishments for the same wrong in violation of Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the State of Texas, and Article I, §§ 3 and 19 of the Texas Constitution.

Pleading further, Defendant specifically pleads that Plaintiff is not entitled to recovery of exemplary damages absent a showing of fraud or malice or a willful act or omission of gross neglect on the part of Defendant, pursuant to Tex. Civ. Prac. & Rem. Code Ch. 41.

Defendant further alleges all of the terms and provisions of the policy of insurance issued

to the Plaintiff by Metropolitan Lloyds Insurance Company of Texas, including but not limited to

the following policy provisions:

## COVERAGE A - DWELLING

1.    **Dwelling Owners.** If **your** dwelling is a one, two, three or four family
      dwelling, **we** cover:
      A.    the dwelling owned by **you** on the **residence premises;** and
      B.    structures, equipment and accessories attached to the dwelling.
            Swimming pools not fully enclosed within the dwelling are
            covered under **COVERAGE B - PRIVATE STRUCTURES.**
            * * *

## COVERAGE C - PERSONAL PROPERTY

**Personal Property Covered**
**We** cover personal property owned or used by **you** while it is anywhere in the
world.

* * *

## CAUSES OF PROPERTY LOSS
## SECTION I - LOSSES WE COVER
## (SPECIAL PERILS)

**LOSS DEDUCTIBLE CLAUSE**
**We** will pay only when a loss exceeds the deductible amount shown in the
Declarations. **We** will pay only that part of the loss over such stated deductible.

**COVERAGE   A  -  DWELLING   AND   COVERAGE   B  -  PRIVATE
STRUCTURES**
**We** will pay for sudden and accidental direct physical loss or damage to the
property described in Coverages A and B, except as excluded in **SECTION I -
LOSSES WE DO NOT COVER.**

**COVERAGE C - PERSONAL PROPERTY**
**We** will pay for sudden and accidental direct physical loss or damage to the
property described in Coverage C when loss or damage is caused by **SECTION I
- BROAD NAMED PERILS,** except as excluded in **SECTION I - LOSSES
WE DO NOT COVER.**

## SECTION I - BROAD NAMED PERILS

Whenever Broad Named Perils is referred to in this policy, the following causes of loss will apply for sudden and accidental direct physical loss.

Under the named perils listed below, we do not cover loss or damage, no matter how caused, to the property which results directly or indirectly from **fungus and mold.** There is no coverage for loss which, in whole or in part, arises out of, is aggravated by, contributed to by acts or omissions of persons, or results from **fungus and mold.** This exclusion applies regardless of whether **fungus and mold** arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may be otherwise covered by this policy, except as granted under **SECTION I - ADDITIONAL COVERAGES for Fungus and Mold Remediation.**

\* \* \*

2.     **Windstorm or Hail**
       We do not pay for loss to the interior of a building or to personal property inside, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the opening.

\* \* \*

## SECTION I - LOSSES WE DO NOT COVER

\* \* \*

D.     **Water damage,** meaning any loss caused by, resulting from, contributed to or aggravated by:

       1.     flood, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind;
       2.     water or water-borne material which backs up through sewers or drains, or which overflows or is discharged from a sump pump, sump pump well or other system designed to remove subsurface water which is drained from the foundation area; or
       3.     water or water-borne material below the surface of the ground, including water which exerts pressure on, or flows, seeps or leaks through any part of a building, sidewalk, foundation, driveway, swimming pool or other structure of water which causes earth movement

       This exclusion applies whether or not the water damage is caused by or results from human or animal forces or any act of nature.

---

DEFENDANT CHRISTOPHER BUCHANAN'S ORIGINAL ANSWER - Page 4

However, **we** pay for direct loss that ensues after water damage if caused by fire, theft or explosion and then **we** pay for only the ensuing loss.

Water damage to property described in Coverage C away from a premises or location owned, rented, occupied or controlled by **you** is excluded even if weather conditions contribute in any way to produce the loss.

2.    **We** do not insure under any coverage for any loss consisting of one or more of the items below. However, **we** pay for any ensuing loss unless the ensuing loss is itself excluded by any other provision in this policy. Further, **we** do not insure for loss described in Exclusion I. above and Exclusion 3. Below regardless of whether one or more of the items below (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time or after the loss or any other cause of the loss. The items are:

      A.    conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, and that pungent or without fault;

      B.    defective, inadequate, faulty or unsound;

        1.    planning, zoning, development, surveying, siting;

        2.    design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        3.    materials used in repair, construction, renovation or remodeling; or

        4.    maintenance;

        of any property whether on or off the **residence premises**. Property includes land, structures or improvements of any kind; and

      C.    weather conditions.

However, this exclusions only applies if weather conditions contribute in any way with an excluded event or cause of loss to produce the loss.

3.    **We** do not cover loss or damage to the property described in Coverage A and Coverage B which results directly or indirectly from any of the following:

      A.    wear and tear, marring, scratching, aging, deterioration, corrosion, rust, mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

Pleading further, Defendant would also assert that Plaintiff has failed to comply with the

terms and conditions of the insurance policy issued by Metropolitan Lloyds Insurance Company

of Texas to the Plaintiff. Specifically, the subject insurance policy provides as follows:

---

SECTION I - CONDITIONS

2.      **What you Must do After a Loss.**  We have no obligations to provide coverage
        under this policy if **you** or **your** representative fail to comply with the following
        duties and the failure to comply is prejudicial to **us**:

        A.      Promptly notify **us** or **our** representative.
                . . .
        B.      Protect the property from further damage, make reasonable and necessary
                repairs required to protect the property and keep a record of necessary
                expenditures.
        C.      Cooperate with us in the investigation of a claim.
                . . .
        E.      At any reasonable time and place **we** designate, and as often as **we**
                reasonably require:
                1.      show **us** the damaged property;
                        2.      submit to questions concerning the loss under oath while
                        not in the presence of any other person defined as **"you"**, and sign
                        and swear to the answers; and
                        . . .

Pleading further, Plaintiff failed to promptly repair the subject property and based upon

information and belief, has not performed necessary repairs to the property.

### III. JURY DEMAND

Defendant demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that the Plaintiff take

nothing against Defendant, and that Defendant go henceforth without day, with its costs, and for

such other and further relief, both at law and in equity, specific and general, to which Defendant

may show itself to be justly entitled.

DEFENDANT CHRISTOPHER BUCHANAN'S ORIGINAL ANSWER - Page 6

Respectfully submitted,

STACY | CONDER | ALLEN LLP

By: _____
    Dennis D. Conder
    State Bar No. 04656400

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 FAX
conder@stacyconder.com

ATTORNEYS FOR DEFENDANT
METROPOLITAN LLOYDS INSURANCE
COMPANY OF TEXAS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of April, 2017, a copy
of the foregoing was delivered to Plaintiff's counsel of record in accordance with the Texas
Rules of Civil Procedure.

_____
Dennis D. Conder

PAN/PLDG/584859.1/001466.17985

---